UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL CONTI,<br><br>                Plaintiff,<br><br>-against-<br><br>JOHN DOE,<br><br>                Defendant. | No. 17-CV-9268 (VEC)<br><br>**ANSWER TO FIRST AMENDED ANONYMIZED COMPLAINT AND COUNTERCLAIM WITH JURY DEMAND** |

Defendant John Doe, by and through his attorneys Emery Celli Brinckerhoff & Abady LLP, for his answer to the Complaint in this matter, avers as follows in response to the correspondingly numbered paragraphs of Plaintiff's First Amended Anonymized Complaint:

1-4.    Denied.

5.    Admit that Doe sent the text messages annexed as Exhibit A; otherwise denied.

6.    Admit that Doe sent the email annexed as Exhibit B and that Dershowitz, Jenike, and Meyer were copied on the email; otherwise denied.

7.    Admit that Jenike and Conti are physicians; otherwise denied.

8.    This paragraph states legal conclusions to which no response is required. To the extent it makes factual allegations, denied.

9.    Admit that Conti sent the email annexed as Exhibit C to, among other people, Doe's parents; otherwise denied.

10.    Admit that Conti is a psychiatrist; Doe otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

11.    Admit that Doe resides in the state in question; the allegation concerning Doe's citizenship states a legal conclusion to which no response is required.

1

12-14. These paragraphs state legal conclusions to which no response is required.

15. Denied.

16. Admit that Conti met with members of Doe's family in New York City in or about May 2016. Doe otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs a-g concerning what his family members allegedly told Conti.

17. Admit that Conti met Doe in New York City for the first time in or about May 2016; otherwise denied.

18. Denied.

19. Admit that Doe traveled to Portland, Oregon; otherwise denied.

20-21. Denied.

22-23. Doe denies knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Admit that Doe traveled to Israel in the fall of 2016; otherwise denied.

25-27. Denied, including all subparagraphs of Paragraph 27.

28. Admit that Doe resided in Portland for a period of time; otherwise denied.

29. Denied.

30. Doe denies knowledge or information sufficient to form a belief as to the truth of the allegations.

31-32. Denied.

33. Admit that Doe called Conti while Conti was in London; otherwise denied.

34. Denied.

35. Admit that Doe sent Conti the messages copy-pasted into Exhibit D; otherwise denied.

36. Admit that Conti sent the email annexed as Exhibit D; otherwise denied.

37. Admit that Doe sent the email annexed as Exhibit E and that employees of Pacific Premier Group were copied on the email; otherwise denied.

38. Denied.

39. Admit that Doe sent the email annexed as Exhibit F and that Jenike, Dershowitz, and Meyer were copied on it; otherwise denied.

40. Denied.

41. Admit that Doe sent the email annexed as Exhibit G and that his parents, Jenike, and Meyer were copied on it; otherwise denied.

42. Admit that Doe sent the email annexed as Exhibit H and that Dershowitz and Lippert were copied on it; otherwise denied.

43. Admit that Doe sent the email annexed as Exhibit I and that Dershowitz and Meyer were copied on it; otherwise denied.

44. Admit that Doe sent the email annexed as Exhibit J and that Dershowitz and Meyer were copied on it; otherwise denied.

45. Admit that Doe sent the email annexed as Exhibit K and that Dershowitz and Meyer were copied on it; otherwise denied.

46. Admit that Doe sent the email annexed as Exhibit L and that Doe's parents were copied on it; otherwise denied.

47. Admit that attorneys for Conti and Doe had discussions in or about November 2017; otherwise denied.

48. Denied.

49. Admit that Doe sent the email annexed as Exhibit M and that Dershowitz and Doe's parents were copied on it; otherwise denied.

50. Admit that Doe sent the email annexed as Exhibit N and that Dershowitz, Lippert, Jenike, and Meyer were copied on it; otherwise denied.

51. Admit that Doe sent the email annexed as Exhibit O and that Dershowitz, Lippert, Jenike, and Meyer were copied on it; admit that November 23, 2017 was Thanksgiving Day; otherwise denied.

52-53. Denied.

| | |
|---|---|
| 54-58 (First Claim for Relief). | Dismissed in part by Court; denied. |
| 59-79 (Second through Sixth Claims for Relief). | Dismissed by Court; denied. |
| 80-83 (Seventh Claim for Relief). | Dismissed in part by Court; denied. |

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

84. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

85. Conti lacks standing to seek injunctive relief.

### THIRD AFFIRMATIVE DEFENSE

86. Conti is not entitled to equitable relief because he has unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

87. Doe's allegedly defamatory statements were absolutely and/or qualifiedly privileged.

**FIFTH AFFIRMATIVE DEFENSE**

88. Conti consented to Doe's conduct of which he complains.

**SIXTH AFFIRMATIVE DEFENSE**

89. Doe's allegedly defamatory statements were substantially true.

**SEVENTH AFFIRMATIVE DEFENSE**

90. Doe's allegedly defamatory statements were protected statements of opinion.

**EIGHTH AFFIRMATIVE DEFENSE**

91. Doe's allegedly defamatory statements were nonactionable rhetorical hyperbole.

**NINTH AFFIRMATIVE DEFENSE**

92. Doe lacked malice and/or the requisite level of fault to be held liable for his allegedly defamatory statements.

**TENTH AFFIRMATIVE DEFENSE**

93. Doe's allegedly defamatory statements are not actionable under the single instance rule.

**COUNTERCLAIM**

**Breach of Fiduciary Duty**

94. Conti was Doe's treating psychiatrist.

95. Within the confines of their doctor-patient relationship, and with the expectation of confidentiality and discretion, Doe disclosed to Conti extremely sensitive information about his personal history, his family life, and his mental health.

96. As Doe's treating psychiatrist, Conti was a fiduciary who acted on Doe's behalf under circumstances giving rise to a relationship of trust and confidence.

97. Conti had and continues to have a common-law and statutory duty not to disclose Doe's confidential medical information without necessity and without Doe's consent.

98. In an effort to extract money from Doe and Doe's family, Conti has gone out of his way to publicly disclose as much of Doe's confidential medical information as possible—including to his counsel, the Court, and Court personnel.

99. Conti's pleadings in this action include far more of Doe's confidential medical information that is reasonably necessary to plead Conti's claims.

100. The overdisclosure of Doe's confidential medical information is by design: Conti hopes that the threat of embarrassment if Doe's identity were further revealed will allow Conti to extract a windfall from Doe and his family.

101. One of the nation's leading experts in psychiatric ethics has reviewed the First Amended Anonymized Complaint and relevant materials, and concluded that Dr. Conti's pleadings in this case included more information about Doe that was ethically permissible, that Dr. Conti did not comply with the applicable standards of ethical conduct in his profession, and that Dr. Conti's conduct risks inflicting harm on Doe.

102. By unnecessarily disclosing—indeed, weaponizing—Doe's confidential medical information for personal financial gain, Conti has breached his fiduciary duties to Doe.

103. On information and belief, Conti has also disclosed Doe's confidential medical information without consent or necessity to persons outside the context of this litigation, including to his wife, another Portland-area psychiatrist, and Stephen Houze.

104. As a result of Conti's unlawful conduct, Doe has suffered damages, including emotional distress, trauma, and anguish.

105. Those damages will be compounded exponentially if Doe's identity is further publicly revealed as the case proceeds, thus exposing his confidential medical information to the general public and the tabloid press.

106. Conti's conduct was willful, wanton, reckless, and malicious.

## JURY DEMAND

107. Doe demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Doe respectfully requests that the Court enter judgment as follows:

A. Dismissing Conti's Complaint with prejudice in its entirety and denying all relief requested therein;

B. Granting Doe compensatory damages in an amount to be determined at trial;

C. Granting Doe punitive damages in an amount to be determined at trial;

D. Awarding costs, fees, and disbursements to the fullest extent permitted by law; and

E. Granting such other and further relief as the Court deems just and proper.

Dated: March 13, 2019
New York, New York

                                            EMERY CELLI BRINCKERHOFF
                                            & ABADY LLP

                                                          /s/
                                            Andrew G. Celli, Jr.
                                            Katherine Rosenfeld
                                            Douglas E. Lieb

                                            600 Fifth Avenue, 10th Floor
                                            New York, New York 10020

                                            (212) 763-5000

                                            *Attorneys for Defendant /*
                                            *Counterclaim Plaintiff John Doe*