ZEIGER, TIGGES & LITTLE LLP

ATTORNEYS AT LAW
3500 HUNTINGTON CENTER
41 SOUTH HIGH STREET
COLUMBUS, OHIO 43215

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

WRITER'S DIRECT NUMBER:
(614) 365-4136

September 12, 2019

**VIA ECF**

The Honorable Robert W. Lehrburger
Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Conti v. Doe*, Case No. 17-CV-9268

Dear Judge Lehrburger:

        I represent the Non-Party Witnesses James and Jane Doe in the above-referenced proceeding. I write to inform Your Honor that my clients join Defendant John Doe's request, made in his September 12, 2019 letter to Your Honor, to close the courtroom for the hearing scheduled for Monday, September 16, 2019, and to seal the exhibits presented at the hearing and any transcript of the proceeding.

        Alternatively, if Your Honor declines to close the courtroom or seal the hearing exhibits and transcript, I write to request that Your Honor order that all participants, testimony, transcripts and exhibits refer to James, Jane and John Doe by their pseudonyms only.

        Judge Caproni allowed Defendant to proceed in this litigation under a pseudonym. The reasons supporting Judge Caproni's decision are even more compelling for James and Jane Doe, who are not parties to this case but nonetheless face the risk (as a result of Plaintiff's subpoena) of having their confidential records and communications publicly disclosed.

        In *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008), the Second Circuit explained that courts should consider a non-exhaustive list of ten factors to determine whether a party – or in this case, a third party – should be allowed to participate in litigation pseudonymously. *Id.* at 190. The purpose of evaluating these factors is to determine whether the interests of the pseudonymous party outweigh the prejudice to other parties and the public interests in disclosure. *Id.* at 189. If it does, then the party should be allowed to proceed using a pseudonym.

        Here, eight of the ten *Sealed Plaintiff* factors weigh heavily in favor of allowing James and Jane Doe to proceed pseudonymously, including – importantly – the factors that consider prejudice to other parties and the public.

The Honorable Robert W. Lehrburger  ZEIGER, TIGGES & LITTLE LLP
September 12, 2019
Page 2

The first *Sealed Plaintiff* factor is whether the litigation involves matters that are highly sensitive and of a personal nature. 537 F.3d at 190. There is no question that both this litigation and the upcoming evidentiary hearing will reveal the Does' highly sensitive, confidential information – specifically, information that the Does provided to psychiatrists and therapists while seeking advice and counseling on very personal and private family issues. As the Supreme Court recognized in adopting a federal psychotherapist-patient privilege, "[b]ecause of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace." *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). Therefore, this factor weighs in favor of allowing the Does to proceed pseudonymously. *See T.W. v. N. Y. State Bd. of Law Exam'rs*, 2017 U.S. Dist. LEXIS 158060, at *12-13 (E.D.N.Y. Sep. 25, 2017) (allowing Plaintiff to proceed anonymously where her complaint detailed her "medical history, including depression, anxiety, panic attacks, and cognitive impairments").

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or **even more critically, to innocent non-parties.**" 537 F.3d at 190 (citations and quotations omitted) (emphasis added). Here, James and Jane Doe are "innocent non-parties." They have done nothing to risk the disclosure of their confidential treatment information.

The third factor is "whether identification presents other harms and the likely severity of those harms, **including whether the injury litigated against would be incurred as a result of the identification**." 537 F.3d at 190 (emphasis added). John Doe's counterclaim in this case is for the unauthorized disclosure of his confidential medical information that Plaintiff made by filing this lawsuit. Identifying James and Jane Doe would necessarily reveal John Doe's identity, furthering the injury he is litigating against and eviscerating the protections of Judge Caproni's order allowing John Doe to proceed pseudonymously. Likewise, the September 16 is hearing centers on whether or not communications between James and Jane Doe and psychiatrists/psychotherapists constitute confidential patient communications. Identifying the Does at the hearing would therefore undermine the entire purpose of the Does requesting the hearing in the first place, which is to ensure that any psychiatrist/psychotherapist-patient privileges remain intact.

The sixth factor is whether other parties are prejudiced by allowing James and Jane Doe to proceed anonymously. 537 F.3d at 190. There is no prejudice to Plaintiff, who knows the true identities of the Does. *See Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) ("this is not a case in which permitting Doe to proceed pseudonymously will disadvantage [defendant] United Services. United Services already knows Doe's true identity, it will have full discovery rights as the case progresses, and it will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action"); *Doe v. Colgate University*, 2016 U.S. Dist. LEXIS 48787, *10 (N.D.N.Y. April 12, 2016) ("Defendants are

The Honorable Robert W. Lehrburger
September 12, 2019
Page 3

ZEIGER, TIGGES & LITTLE LLP

aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly").

The seventh factor is whether the identities of James and Jane Doe have thus far been kept confidential. 537 F.3d at 190. To the knowledge of James and Jane Doe, the identities of all the Does have been kept confidential, as all court filings identifying the Does have been anonymized and/or sealed pursuant to protective orders (in this Court and in the Ohio Action) and status conferences and hearings have been closed to the public.

The eighth and ninth factors consider whether the public's interest in the litigation is furthered by disclosure. 537 F.3d at 190. These factors recognize that the public interest in disclosure is particularly low when pure legal issues are involved. *Id.* Here, while the public may arguably have an interest in if and how the Court decides to apply the physician/psychotherapist-patient privilege, that interest is not impacted by the identification of the Does. *See generally Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir. 2000) ("we fail to see[] how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case"). This is especially true given that this litigation is still in the discovery stage. *Brown v. Maxwell*, 929 F.3d 41, 47, 53 (2d Cir. 2019) (recognizing that "[u]nscrupulous litigants can weaponize the discovery process to humiliate and embarrass their adversaries" and that "[m]aterials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser ... presumption of public access").

The tenth factor is whether there are any alternative mechanisms for protecting the identity of the Does. There are none. The use of pseudonyms is the least restrictive means of protecting the Does' privacy.

Thus, eight of the ten factors weigh heavily in favor of allowing James and Jane Doe to proceed pseudonymously at the September 16 hearing. (Since the Does are adults and this litigation does not challenge governmental action, the fourth and fifth *Sealed Plaintiff* factors are the only two factors that do not weigh in the Does' favor.)

James and Jane Doe respectfully request that if Your Honor declines to seal the exhibits and transcripts from the September 16 hearing and close the hearing to the public, that James and Jane be allowed to continue pseudonymously. However, James and Jane Doe's strong preference is that the entire hearing be sealed. They are especially concerned that if John Doe is later ordered to identify himself, James and Jane's identities will necessarily be made public as a result. If that happens, the public will be able to connect the sensitive treatment information revealed at the hearing to their true identities.

The Honorable Robert W. Lehrburger
September 12, 2019
Page 4

ZEIGER, TIGGES & LITTLE LLP

Very truly yours,

Steven W. Tigges

cc: Judd Burstein, Esq. (via ECF)
Peter B. Schalk, Esq. (via ECF)
G. William Bartholomew, Esq. (via ECF)
Andrew G. Celli, Jr., Esq. (via ECF)
Douglas E. Lieb, Esq. (via ECF)
Katie Rosenfeld, Esq. (via ECF)
Ariel A. Brough, Esq. (via ECF)

829189