# JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN
PETER B. SCHALK*

G. WILLIAM BARTHOLOMEW*
RICHARD S. K. DIORIO

*ALSO ADMITTED IN NEW JERSEY

5 COLUMBUS CIRCLE
1790 BROADWAY
NEW YORK, NEW YORK 10019
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

September 12, 2019

**BY ECF**
The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Room 18D
New York, New York 10007

      Re:    *Conti v. Doe*, Case No. 17-CV-9268 (VEC) (RWL)

Dear Magistrate Judge Lehrburger:

    I am associated with Judd Burstein, P.C., counsel for Plaintiff/Counter-Defendant Dr. Paul M. Conti ("Plaintiff") in the above-referenced action. I write to briefly address the issues raised in today's letters to Your Honor from Andrew Celli, Esq., counsel for Defendant/Counterclaimant John Doe, and Steven Tigges, Esq., counsel for non-parties James and Jane Doe.

    We do not object to counsel for John, James, and Jane Doe's request to close the courtroom for the September 16, 2019 hearing, or to afford the parties and James and Jane Doe an opportunity to request redaction or anonymization of the hearing record prior to any unsealing. However, we <u>do</u> object to counsel's alternative request to require all hearing participants, witness testimony, and evidence to refer to John, James, and Jane Doe by their pseudonyms. We respectfully submit that this would impede the efficient operation of the hearing, and ultimately be of no utility because the Court should be permitted to review unredacted, unanonymized evidence before arriving at its decision. The person identified by a witness's testimony or documentary evidence will be highly relevant to the Court's determination of the privilege issue. Requiring witnesses, counsel, and the Court to use pseudonyms, as well as refer to anonymized or redacted evidence during the hearing, would introduce an unacceptable measure of confusion, and create a significant chance of error. Additionally, it would be unduly burdensome for Plaintiff's counsel to redact or anonymize each and every document Plaintiff may present at the hearing, especially at this late stage when the attorneys and staff at my office are finalizing their preparations.

JUDD BURSTEIN, P. C.

Hon. Robert W. Lehrburger
September 12, 2019
Page 2

      Furthermore, the case law relied upon by Mr. Tigges does not concern the propriety of holding an evidentiary hearing using pseudonyms and redacted or anonymized evidence. Rather, that case law concerns whether a party can anonymize or seal court records and filings. *See, e.g., Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008) ("This appeal raises questions of first impression for our Court: (1) Under what circumstances may a plaintiff file a complaint using a pseudonym? . . . ."); *T.W. v. N.Y. State Bd. of Law Exam'rs*, 16-cv-3029 (RJD) (RLM), 2017 U.S. Dist. LEXIS 158060, at *2 (E.D.N.Y. Sept. 25, 2017) ("T.W.'s motion to seal certain filings and amend the case caption is granted subject to the limitations outlined below."); *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 437-38 (S.D.N.Y. 1988) (noting that Plaintiff "has moved for an order granting him leave to prosecute this action under a pseudonym, sealing all courts records in which his actual name, address, or employer appear . . .").

      While counsel in this case have been anonymizing papers before they are filed on the public docket, requiring anonymization during an evidentiary hearing involving oral argument, live witness testimony, and the submission of evidence that requires a foundation would be far more complicated, burdensome, and susceptible to error. The Hon. Valerie E. Caproni recognized this during oral argument in this case on June 27, 2019, stating as follows:

> [I]f this case goes to trial, Doe is going to need to convince me that his anonymity should, and logistically can, be preserved. We don't seem to manage to even get through an oral argument preserving it, so just keep that in mind.

(6/27/19 H'rg Tr. at 39:2-5).

      Accordingly, Plaintiff objects to counsel for John, James, and Jane Doe's request, in the alternative, to require that all participants, witnesses, and evidence refer to John, James, and Jane Doe by their pseudonyms during the September 16, 2019 hearing.

                                       Respectfully submitted,

                                       G. William Bartholomew, Esq.

cc: All counsel (via ECF)