# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL

November 27, 2019

**By ECF**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York

   Re: *Conti v. Doe*, No. 17-CV-9268 (VEC)

Your Honor:

  We write jointly on behalf of the parties in advance of the scheduled December 6, 2019 status conference, as directed by the Court's order of August 2, 2019.

  ***Existing Deadlines***.  The deadline for the close of discovery is December 3, 2019.

  ***Outstanding Motions***.  No motions are pending.

  ***Discovery Status***.  Two of four expert depositions are complete.  Conti's ethics expert will be deposed on December 2.  Doe's ethics expert was scheduled to be deposed on November 26, but counsel for Conti informed Doe that he needed to cancel that deposition because of a personal medical emergency.  The depositions of Doe's parents, which were scheduled for December 2 and December 3, were also cancelled by Conti's counsel for the same reason.

  Plaintiff's counsel intends to make a formal application next week regarding adjourned dates for the remaining depositions (Doe's parents and Dr. Applebaum).  The parties have agreed on an adjourned date for Dr. Applebaum's deposition (January 21, 2020) but Plaintiff is awaiting proposed alternate dates from counsel for Doe's parents.  To avoid making a public record of a personal issue, Plaintiff's counsel has not detailed the medical reasons for cancelling the depositions.  However, those issues can be conveyed to the Court *in camera*.

  Doe seeks leave to reopen the deposition of Amber Blum, Conti's executive assistant, for two hours by video based upon new information.  Within the past two weeks, Doe became aware that Blum lives in a house purchased by Conti with her input and for her apparent benefit.  This new information raises questions that warrant reopening the deposition.  First,

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

Blum was asked at her deposition, "Do you know if [Conti] owns real estate other than his home?" She answered, "No." That testimony appears to have been false. Second, and perhaps more important, Blum is a crucial witness to Doe's defense of substantial truth, since she was central to Dr. Conti's untimely refilling of prescriptions and an incident that led Doe's parents to become upset with Conti. The nature of her personal relationship with Conti, if any, is relevant to her bias as a witness and to her role in the prescription errors.

If Doe makes an application for a continued deposition of Amber Blum, Plaintiff will oppose it on the merits. Briefly, Plaintiff disagrees that there is an inconsistency regarding Amber Blum's deposition testimony. Further, Defendant's counsel obtained this alleged impeachment evidence through a recent investigation that could have been performed prior to Ms. Blum's deposition, but was not. Defendant's own delay does not entitle them to a continued deposition. In addition, the testimony Doe seeks to elicit would only be collateral impeachment evidence, and not evidence bearing on a material issue of fact in the case.

Plaintiff received additional document production from Drs. Jenike and Lippert. On consent, Dr. Jenike appeared for a brief follow-up deposition to address issues raised in this new document production. Counsel for Alan Dershowitz has refused to produce documents responsive to Plaintiff's subpoena as of this writing, although counsel will speak next week.

*Settlement*. There have been no recent settlement discussions. The parties do not request referral for settlement to Magistrate Judge Lehrburger at this time.

*Trial*. This case will be tried to a jury; the parties estimate 5-7 days for trial.

*Future Motions*. Doe anticipates filing a motion for summary judgment on Conti's libel claim on several grounds, including lack of reputational injury, the common-interest privilege, the single-instance rule, as well as seeking dismissal of Conti's prayer for injunctive relief. Conti anticipates filing a motion for summary judgment on Doe's counterclaim for breach of fiduciary duty.

Doe is reviewing the deposition transcript of Conti's IME expert to determine whether to move to exclude any portions of his opinion. Doe anticipates moving to exclude at least some of the testimony of Conti's ethics expert; the scope of that motion depends upon his deposition testimony to be taken next week.

Plaintiff is also reviewing the deposition transcript of Doe's IME expert to determine whether to move to exclude any portions of his opinion, and it is anticipated that at a motion to exclude at least in part will be forthcoming. Plaintiff also anticipates moving to exclude at least some of the testimony of Doe's ethics expert, and the scope of that motion will be determined following his deposition, which, as noted, the parties have re-scheduled for January 21, 2020.

*Other Issues and Other Information*. None at this time.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

                                                                    Respectfully,

                                                                    /s/

                                                                  Douglas E. Lieb

cc.     All counsel of record (by ECF)