**MEMO ENDORSED**

**JUDD BURSTEIN, P.C.**
ATTORNEYS AT LAW

JUDD BURSTEIN*
PETER B. SCHALK**
———
G. WILLIAM BARTHOLOMEW**

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY

5 COLUMBUS CIRCLE
1790 BROADWAY
NEW YORK, NEW YORK 10019
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880
TEL: (203) 226-4823

March 20, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/23/2020

**BY ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Conti v. Doe*, Case No. 17-CV-9268 (VEC)

Dear Judge Caproni:

I am associated with Judd Burstein, P.C., attorneys for Plaintiff-Counterclaim Defendant Dr. Paul M. Conti ("Plaintiff" or "Dr. Conti") in the above-captioned case. I write pursuant to Your Honor's Individual Rule 5.B.ii to respectfully request permission to file certain documents related to Plaintiff's motion to exclude the expert reports and testimony of Dr. Paul S. Appelbaum and Dr. Ziv E. Cohen (the "Motion") with redactions on the public docket.

Specifically, Plaintiff seeks to redact portions of Dr. Cohen's expert report concerning Dr. Conti's family history, psychological and medical history, and Dr. Conti's psychological evaluation of Dr. Conti. Dr. Cohen's expert report is annexed as Exhibit C to the Declaration of G. William Bartholomew, dated March 20, 2020, filed in support of Plaintiff's Motion. Plaintiff also seeks to redact portions of his Memorandum of Law in support of his Motion that reference any diagnoses or mental conditions. These redactions are appropriate because they protect Dr. Conti's privacy interests "related to his family life and medical history." *United States v. Vinas*, 08-CR-823 (NGG), 2017 U.S. Dist. LEXIS 72140, at *6 (E.D.N.Y. May 11, 2017). These documents will be filed under seal with Plaintiff's proposed redactions highlighted in yellow, and filed on the public docket with those redactions applied.

I have consulted with counsel for Defendant-Counterclaim Plaintiff John Doe ("Defendant" or "Doe") regarding Plaintiff's proposed redactions. Defendant's counsel does not agree with all of Plaintiff's proposed redactions. Defendant's counsel states they can agree to the redaction of Dr. Conti's history with Dr. Torkelson and Dr. Hamilton, the discussion of specific diagnoses, and the discussion of certain particularly sensitive facts regarding past events in Dr. Conti's life. They do

not agree to the redaction of the entirety of the last section of Dr. Cohen's report, with the exception of what Dr. Conti reported to Dr. Hamilton in psychotherapy. They also do not agree to the redaction on page 20 of Plaintiff's Memorandum of Law of the quotation of Dr. Cohen's last conclusion in his report.

Application GRANTED. Plaintiff may file Dr. Cohen's expert report and his memorandum of law with the requested redactions. The Court warns Plaintiff, however, that much of the redacted material may be ordered unredacted either as part of the Court's Daubert ruling or summary judgment ruling. Should this case proceed to trial, Plaintiff may be ordered to entirely unredact the documents.

Respectfully,

/s/ G. William Bartholomew

G. William Bartholomew

SO ORDERED.

*[signature: Valerie Caproni]*

3/23/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE