# EXHIBIT A



**From:** Imran H. Ansari, Esq. <iansari@aidalalaw.com>
**Sent:** Wednesday, July 24, 2019 7:36 PM
**To:** Richard Diorio <RDiorio@BURLAW.COM>
**Cc:** Peter B. Schalk <PSchalk@BURLAW.COM>; Andrew G. Celli (acelli@ecbalaw.com) <acelli@ecbalaw.com>
**Subject:** Re: Follow up document requests regarding Mr. Dershowitz

Will accept. Apologies, not in the office this week.

Sent from my iPhone

On Jul 24, 2019, at 5:26 PM, Richard Diorio <RDiorio@burlaw.com> wrote:

Dear Mr. Ansari:

We have not yet received a response to Peter's email below. Please confirm that you accept service of the subpoena *duces tecum* sent yesterday, as we have not yet dispatched a process server.

Thank you,

Richard S. K. Diorio
Associate
Judd Burstein, P.C.
5 Columbus Circle, Suite 1501
New York, NY 10019
Tel.: (212) 974-2400
Fax: (212) 974-2944
rdiorio@burlaw.com
www.burlaw.com

THIS E-MAIL IS INTENDED ONLY FOR THE PERSON(S) NAMED ABOVE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. ANY OTHER REVIEW, DISTRIBUTION, COPYING OR DISCLOSURE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY AND DELETE THIS E-MAIL WITHOUT MAKING A COPY.

---

**From:** Peter B. Schalk
**Sent:** Tuesday, July 23, 2019 9:35 PM
**To:** Imran H. Ansari, Esq. <iansari@aidalalaw.com>
**Cc:** Andrew G. Celli (acelli@ecbalaw.com) <acelli@ecbalaw.com>; Richard Diorio


<RDiorio@BURLAW.COM>
**Subject:** Follow up document requests regarding Mr. Dershowitz

Imran – As we discussed on the record, Plaintiff is seeking targeted document production from Mr. Dershowitz as follow up to his deposition.  To avoid any confusion, I have attached a subpoena *duces tecum* requesting same.  Please let me know if you will accept service of the enclosed, without waiving any other potential objections.  To be clear, we would expect documents responsive to Requests Nos. 1 and 2 to be redacted in part.  Our focus here is when the services that were billed for were provided, not potential work product or privileged communications that may be contained in the descriptions of the services.  Additionally, you may recall that we left two blanks in the transcript.  Requests Nos. 3 and 4 correspond to those two blanks.  If we receive sworn confirmation about the location of the November 7, 2017 meeting, and whether there were other in person meetings between your client and John Doe, we would not need documents responsive to Requests Nos. 3 and 4.  In other words, we do want answers to those questions, but are not seeking to burden your client or you unnecessarily.

Regards,

Peter B. Schalk
Partner
Judd Burstein, P.C.
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel. 212-974-2400
Fax 212-974-2944
pschalk@burlaw.com

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| DR. PAUL M. CONTI<br>*Plaintiff*<br>v.<br>JOHN DOE<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-cv-9268 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Alan Dershowitz

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents being requested are described in the annexed Schedule A.

| Place: Judd Burstein, P.C.<br>5 Columbus Circle, Suite 1501<br>New York, NY 10019 (pschalk@burlaw.com) | Date and Time:<br>07/30/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/23/2019

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dr. Paul M. Conti, who issues or requests this subpoena, are:

Peter B. Schalk, Judd Burstein P.C., 5 Columbus Circle, Ste. 1501, New York, NY (212) 974-2400 pschalk@burlaw.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-cv-9268

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________________

______________________________________________________________________________

____________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS

1. The definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States Court for the Southern District of New York are incorporated by reference as if set forth fully herein.

2. The term "You" shall mean Alan Dershowitz and any of your employees, agents, or representatives.

## INSTRUCTIONS

1. This document request calls for the production of all documents, wherever located, that are known or are available to You, including documents in Your possession, custody, or control or in the possession, custody, or control of Your employees, agents, representatives or of any other person or entity acting or purporting to act on Your behalf.

2. This document request is continuing in nature and, to the extent that Your responses may be enlarged, diminished or otherwise modified by information acquired subsequent to the production of Your initial responses hereto, You are required, to the extent set forth in FRCP Rule 26(e), to promptly produce supplemental responses in writing reflecting such changes.

3. Any document requested herein shall be produced as it is kept in the ordinary course of business. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall each be set forth.

5. If any document requested herein was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, furnish a list identifying each such document and stating the following information with respect to each document: (i) the nature of the document and its contents; (ii) the persons who prepared or authored the document, and, if

applicable, the persons to whom the document was sent; (iii) the date on which the document was prepared or transmitted; and, (iv) the date on which the document was lost, destroyed or otherwise disposed of, the conditions of and reasons for such destruction or other disposition and the persons requesting and performing the destruction or other disposition.

6. If any document is withheld or not identified under a claim of privilege, immunity or otherwise, identify in writing each such document and for each: (i) identify the document; (ii) identify the person or persons who currently possess the document or any copy thereof; (iii) identify each and every person who ever had access to the document, who was shown a copy of the document or to whom any of the information in the document was communicated; (iv) provide a summary of the subject matter of the document; (v) state the basis upon which the asserted privilege, immunity or other reason for non-disclosure is claimed; and (vi) identify the request(s) to which the document is responsive.

7. Unless otherwise specifically indicated, documents to be produced pursuant to this request shall include all documents prepared, existing, used, sent, received, reviewed or read, or otherwise in Your possession, custody or control.

8. If, in answering any of the following document requests, You claim any ambiguity in interpreting the document request or definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the document request.

9. If You consider any of the following document requests or parts thereof to be objectionable, answer so much of each document request and each part thereof as is not

objectionable, in Your view, and separately state that part of each document request as to which You raise objection and each ground for any such objection.

10. If any document identified in Your answer to any document request is subject to destruction under any document retention or document destruction program, the document(s) should be exempted from any scheduled destruction until the conclusion of this litigation or unless otherwise permitted by the Court.

## TIME PERIOD

Unless otherwise indicated, these demands cover the period of January 1, 2014, to the present.

## DOCUMENT REQUESTS

1. All invoices for legal services provided to, or for the benefit of, John Doe.

2. All underlying records, including but not limited to, the "Harvard Coop" books testified to by You, reflecting legal services provided to, or for the benefit of, John Doe, for which you charged a fee.

3. Documents sufficient to show where the November 7, 2017 meeting between You and John Doe took place.

4. Documents sufficient to show whether you had any other meetings with John Doe concerning Dr. Conti in addition to the November 7, 2017 meeting.

5. Telephone records sufficient to show telephone calls with John Doe from February 1, 2017 to November 7, 2017.