JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

G. WILLIAM BARTHOLOMEW**
WBARTHOLOMEW@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880
TEL: (203) 226-4823

January 26, 2021

**Via ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     Re: *Conti v. Doe*, Case No. 17-CV-9268 (VEC) (RWL)

Your Honor:

  We are counsel for Plaintiff/Counterclaim-Defendant Dr. Paul M. Conti ("Plaintiff"). We write pursuant to Your Honor's Order dated January 25, 2021, directing Plaintiff to file his summary judgment papers with appropriate redactions and submit a letter indicating whether Defendant/Counterclaim-Plaintiff John Doe ("Defendant") consents to the proposed redactions.

  Plaintiff is seeking to file under seal or redact documents in a manner that is consistent with this Court's prior rulings on the sealing of, or redactions to, pre-trial documents filed on the Docket in this case. Therefore, we have made a good faith effort to redact or seal material in a manner that is consistent with the Court's prior rulings. We do not necessarily construe relevant precedent as requiring the sealing or redaction of all such material, but are not seeking to relitigate the Court's prior rulings as to the filing of pre-trial documents.

  With this in mind, we propose to file under seal the following Exhibits to the Declaration of Peter B. Schalk, dated January 22, 2021 ("Schalk Declaration"):

  a. Exhibits 1-7, 9, 13-17, and 19, which are excerpts from the transcripts of examinations before trial conducted in this case. This Court has previously ruled that deposition transcript excerpts may be filed under seal. (*See* Dkt. No. 104, at 39:22-24; Dkt. No. 242).

  b. Exhibits 8 and 11, which are records from Plaintiff's practice, Pacific Premier Group ("PPG"), regarding Doe. The Court has also previously ruled that such records may be filed under seal. (*See* Dkt. No. 104, at 39:22-24).

We also propose to file the following documents with redactions to be consistent with the Court's prior rulings:

    a.    Exhibit 10, because it contains a PPG record pertaining to Defendant.

    b.    Exhibits 12, 18, and 20 through 24, as well as Plaintiff's Memorandum of Law, Rule 56.1 Statement, and Rule 56.1 Counter-Statement to (i) be consistent with the the Court's ruling that names that "would tend to identify the defendant (*e.g.*, his parents' names and business" be redacted (*see* this Court's Sealed Order dated December 18, 2017); and (ii) remove personal email addresses of non-parties and the personal phone numbers of Defendant and non-parties.

Defendant's counsel has informed us that they consent to these proposed redactions and sealing determinations.

We emailed Defendant's counsel and counsel for non-party witnesses James and Jane Doe, Alan Dershowitz, Esq., Dr. Robin Lippert, and Dr. Michael Jenike, asking whether they proposed that any additional material be sealed or redacted. The responses we received were as follows:

    a.    Defendant's counsel proposed that additional redactions be made to (i) pages 7 and 16 of Plaintiff's Memorandum of Law; (ii) paragraph 86 of Plaintiff's Rule 56.1 Counter-Statement; and (iii) Exhibit 20 to the Schalk Declaration. Defendant's counsel contends that these additional redactions are warranted because the material is confidential under paragraph 2 of the Stipulated Confidentiality Agreement and Protective Order entered in this case (Dkt. No. 44), as such information (i) relates to Defendant's physical or mental condition, or (ii) is previously non-disclosed financial information or material relating to the ownership or control of a non-public company.[1] We do not agree that such information meets the sealing standard, especially because Defendant has been anonymized in this case and the information Defendant's counsel seeks to have filed under seal is directly relevant to the Court's determination of the parties' motions for summary judgment.

    b.    Defendant's counsel proposed that Exhibit 18 to the Schalk Declaration be filed under seal because it is an attorney-client communication. We do not agree that the communications set forth in this Exhibit are protected by the attorney-client privilege because they concern a fee arrangement, not legal advice. *See Doe v. Sarah Lawrence Coll.*, No. 19 Civ. 10028 (PMH)(JCM), 2021 U.S. Dist. LEXIS 10488, at *19-20 (S.D.N.Y. Jan. 20, 2021)

---

[1]    We have made redactions to pages 24 and 34 of Plaintiff's Rule 56.1 Counter-Statement that correspond to the redactions Defendant's counsel has proposed to Plaintiff's Memorandum of Law.

        (explaining that retainer agreements are not considered privileged in the absence of special circumstances).[2]

    c.    Defendant's counsel proposed that Plaintiff's Declaration dated January 22, 2021 ("Plaintiff's January 22 Declaration") be sealed because it "reveals still more privileged and confidential information from [Plaintiff's] original treatment of John Doe that should not be made public, compounding the harms of the initial ongoing disclosures."[3] Plaintiff's counsel does not agree that Plaintiff's January 22 Declaration warrants sealing because the type of information included in that Declaration is consistent with the type of information about Defendant that has already been included in public filings on the docket in this case. In addition, the information included in Plaintiff's January 22 Declaration is directly relevant to rebutting Defendant's argument that his statements could not have been subject to a defamatory construction.

    d.    Counsel for James and Jane Doe asked that we redact, for reasons of personal security, certain text from Jane Doe's email to Plaintiff dated April 7, 2017, contained in Exhibit 12 to the Schalk Declaration. We have no independent basis to verify that this information implicates personal security concerns, and do not understand how it could as it involves their location from years in the past. Nevertheless, we accept counsel's representation and have applied the requested redactions.

Consistent with Your Honor's Individual Practices, we will re-file Plaintiff's papers (i) on the public docket with all requested redactions implemented, and (ii) under seal with the requested redactions marked for the Court's review.

                                                      Respectfully yours,

                                                      /s/
                                                    Peter B. Schalk
                                                    G. William Bartholomew

CC: All counsel of record (via ECF)

---

[2] Because we do not believe that the sealing of Exhibit 18 is warranted, we will file it under seal with Plaintiff's proposed redactions marked but not applied, for the Court's reference in determining whether sealing is warranted.

[3] As per Defendant's request, we have redacted quotations to Plaintiff's January 22 Declaration appearing in paragraphs 141-45 of Plaintiff's Rule 56.1 Counter-Statement.