UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DR. PAUL M. CONTI,                                            Case No. 17-CV-9268 (VEC)

          *Plaintiff/Counterclaim-Defendant*,

    – against –

JOHN DOE,

          *Defendant/Counterclaim-Plaintiff*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DR. PAUL M. CONTI'S RESPONSE TO JOHN DOE'S RULE 56.1
COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1, Plaintiff/Counterclaim-Defendant Dr. Paul M. Conti ("Plaintiff" or "Dr. Conti") submits the following response to the Counter-Statement of Undisputed Material Facts filed by Defendant/Counterclaim-Plaintiff John Doe ("Defendant" or "Doe") in Opposition to Dr. Conti's Motion for Summary Judgment:

        1.        Conti's unauthorized disclosure of Doe's confidential information in the Complaint caused Doe extreme emotional distress. *See* Ex. KK at 361:17-21; Ex. ZZ at 362:3-10; Ex. OO at 262:5-13; Ex. YY at 146:15-19, 283:1-17, 284:16-20.

        Response:    Disputed that the cited deposition testimony establishes that Dr. Conti's disclosure of allegedly confidential information in the Complaint caused Doe extreme emotional distress. Also, Doe's attorneys have represented that Doe only suffered "garden variety" emotional damages. *See* Dkt. No. 274, at 27.[1]

---

[1]     Citations to "Dkt. No. ___" refer to documents filed on this case's electronic docket.

2. Conti's unauthorized disclosure of Doe's confidential information in the Complaint "increased a lot of vulnerable issues" in Doe. Ex. OO at 262:5-13.

Response: Disputed. Dr. Robin Lippert testified that "the filing of [the] lawsuit," not Dr. Conti's unauthorized disclosure of Doe's confidential information in the Complaint, "increased a lot of vulnerable issues" in Doe. Ex. OO at 261:25 – 262:6.

3. Conti's unauthorized disclosure of Doe's confidential information in the Complaint "made it harder [for Doe] to trust." *Id.*

Response: Disputed. Dr. Robin Lippert testified that "the filing of [the] lawsuit," not Dr. Conti's unauthorized disclosure of Doe's confidential information in the Complaint, "made it harder [for Doe] to trust[.]" Ex. OO at 261:25 – 262:7.

4. Conti's unauthorized disclosure of Doe's confidential information in the Complaint increased Doe's "fear that he is worth nothing but money." *Id.*

Response: Disputed. Dr. Robin Lippert testified that "the filing of [the] lawsuit," not Dr. Conti's unauthorized disclosure of Doe's confidential information in the Complaint, increased Doe's "fear that he is worth nothing but money[.]" Ex. OO at 261:25 – 262:9

5. Conti's decision to file the Complaint has had a "devastating" impact on Doe's psychological conditions. Ex. YY at 146:15-19.

Response: Admitted[2] only to the extent that this was Dr. Michael Jenike's deposition testimony.

---

[2] Responses of "Admitted" to Doe's Counter-Statement of "Undisputed" Material Facts should not be construed as admissions that the statements are actually true, or should otherwise be deemed true by the trier of fact at trial. Instead, as used herein, a Response of "Admitted" should only be construed as a representation that Dr. Conti is not contesting that the Court may assume the statement to be true for the purposes of ruling on Dr. Conti's Motion for Summary Judgment. *See* S.D.N.Y. Local Rule 56.1(c) (statements will be deemed "admitted for the purposes of the motion unless specifically controverted"). Dr. Conti reserves all rights to contest Doe's proof at trial.

6. Since Conti filed the Complaint in this case, Doe's psychiatric symptoms have been markedly worse. *Id.* at 283:1-17.

Response: Admitted only to the extent that this was Dr. Michael Jenike's deposition testimony.

7. Since Conti filed the Complaint in this case, Doe has been "much more withdrawn than he used to be." *Id.*

Response: Admitted only to the extent that this was Dr. Michael Jenike's deposition testimony.

8. Since Conti filed the Complaint in this case, Doe has been "more anxious" than he used to be. *Id.*

Response: Admitted only to the extent that this was Dr. Michael Jenike's deposition testimony.

9. Since Conti filed the Complaint in this case, Doe has been "more depressed" than he used to be. *Id.*

Response: Admitted only to the extent that this was Dr. Michael Jenike's deposition testimony.

10. Since Conti filed the Complaint in this case, Doe has had "more panic attacks" than he used to have. *Id.*

Response: Admitted only to the extent that this was Dr. Michael Jenike's deposition testimony.

11. Since Conti filed the Complaint in this case, Doe's insomnia has gotten worse. *Id.*

        Response:    Admitted only to the extent that this was Dr. Michael Jenike's deposition testimony.

        12.    Doe "talks about the lawsuit constantly." *Id.* at 284:16-20.

        Response:    Admitted only to the extent that this was Dr. Michael Jenike's deposition testimony.

        13.    Doe "feels terrible shame that his family is being dragged through this" lawsuit. *Id.*

        Response:    Admitted only to the extent that this was Dr. Michael Jenike's deposition testimony.

        14.    By filing the Complaint, Conti disclosed Doe's confidential information to Court personnel.

        Response:    Disputed. Doe has offered no proof of which Court personnel, if any, viewed Doe's allegedly confidential information in the sealed pleading filed by Dr. Conti. Admittedly, it can be presumed that the judge in this case has reviewed Dr. Conti's sealed pleading, but Doe offers no evidence of whether any other "Court personnel" read the document or learned of its contents.

        15.    Conti disclosed Doe's psychiatric diagnoses in the Complaint. *See* Compl. ¶ 3.

        Response:    Admitted.

        16.    Conti disclosed sensitive mental health information about Doe and his family in the Complaint that he had learned by virtue of his treatment relationship with Doe. *See, e.g.*, Compl. ¶¶ 23-27.

Response:   Disputed.  It is not clear what Doe means by "sensitive mental health information," or that the information disclosed in paragraphs 23-27 of Dr. Conti's original complaint qualifies as such information.

17. Conti disclosed sensitive mental health information about Doe and his family in the Complaint that was not material to Conti's claims against Doe. *See, e.g.*, Compl. ¶¶ 23-27.

Response:   Disputed.  It is not clear what Doe means by "sensitive mental health information," or that the information disclosed in paragraphs 23-27 of Dr. Conti's original complaint qualifies as such information.  In addition, it is disputed that any disclosures in Dr. Conti's complaint were not material to Dr. Conti's claims against Doe.

18. Conti disclosed sensitive mental health information about Doe and his family in the Complaint with the intent to harm, embarrass, and shame Doe. *See* Compl. ¶¶ 23-27.

Response:   Disputed.  It is not clear what Doe means by "sensitive mental health information," or that the information disclosed in paragraphs 23-27 of Dr. Conti's original complaint qualifies as such information.  In addition, it is disputed that Dr. Conti disclosed any of Doe's information with the intent to harm, embarrass, or shame Doe.

Dated: New York, New York
March 5, 2021

                                                    Yours, etc.,

                                                   JUDD BURSTEIN, P.C.

                                       By: /s/ Peter B. Schalk, Esq.
                                                 Peter B. Schalk, Esq. (PBS-8257)
                                                 G. William Bartholomew, Esq. (GB-1202)
                                                 260 Madison Avenue, 15th Floor
                                                 New York, New York 10016
                                                 Tel.: (212) 974-2400
                                                 Fax: (212) 974-2944
                                                 Email: pschalk@burlaw.com
                                                 *Attorneys for Plaintiff/Counterclaim-Defendant Dr. Paul M. Conti*