UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DR. PAUL M. CONTI,                                                    Case No. 17-CV-9268 (VEC)

        *Plaintiff/Counterclaim-Defendant*,

   – against –

JOHN DOE,

        *Defendant/Counterclaim-Plaintiff*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DR. PAUL M. CONTI'S RESPONSES TO JOHN DOE'S APPENDIX OF STATEMENTS ANNEXED TO HIS MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Honorable Valerie E. Caproni's April 6, 2021 Order (Dkt. No. 283), Plaintiff/Counterclaim-Defendant Dr. Paul M. Conti ("Plaintiff" or "Dr. Conti") submits the following responses to the Appendix that Defendant/Counterclaim-Plaintiff John Doe ("Defendant" or "Doe") submitted in connection with his Motion for Summary Judgment (Dkt. No. 233-1) which he represented to be the allegedly defamatory statements at-issue in this case. At the outset, Plaintiff objects to this approach because by isolating various statements Defendant has removed them from the surrounding language which provides the relevant context for the Court's determination: "[T]he court should look to the over-all context in which the assertions were made and determine on that basis 'whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff.'" *Daniels v. Provident Life & Cas. Ins. Co.*, 2001 U.S. Dist. LEXIS 11388, No. 00-CV-0668E(Sc), at *11 (W.D.N.Y. July 24, 2001) (Quoting *Brian v. Richardson*, 87 N.Y.2d 46, 51 (1995) (some internal quotation marks omitted)).

| **Statement and Response** |
|---|
| Statement: "You're a fucking fraud who that abandoned me in treatment so who the fuck do you think you are." <br><br> Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "And your fraudulent mother fucming [sic] ass was not there." <br><br> Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "You were never there." <br><br> Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "You were no where to be found." <br><br> Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "SHAME ON you for abandoning a vulnerable person in misery." <br><br> Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "I was told you would be there but you weren't." <br><br> Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "You could have backed out any minute or time. Instead you abandoned me." <br><br> Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "You abandoned me when I could have gotten out. You piece of shit. You abandoned your patient when he got himself from 5 mgs to 1.5 mgs." |

| |
|---|
| Response:  Plaintiff concurs that it is an at-issue statement.  Plaintiff continues to contend that the statement is defamatory. |
| Statement:  "Settle I will kill myself because of the titration you abandoned me on before I ever settle."<br><br>Response:  Plaintiff concurs that it is an at-issue statement.  Plaintiff continues to contend that the statement is defamatory. |
| Statement:  "I promise the alienation and lack of sense of self you gave me and abandoneing [sic] me during the titration . . . You take away a persons [sic] sense of self and abandon them during titration that's criminal."<br><br>Response:  Plaintiff concurs that it is an at-issue statement.  Plaintiff continues to contend that the statement is defamatory. |
| Statement:  "You take away a persons [sic] sense of self and abandon them during titration that's criminal."<br><br>Response:  Plaintiff concurs that it is an at-issue statement.  Plaintiff continues to contend that the statement is defamatory. |
| Statement:  "You abandoned your patient when he got himself from 5mgs to 1.5mgs. And your [sic] fucking right I freaked out, I didn't have a dr and I beyond relapsed."<br><br>Response: Plaintiff concurs that it is an at-issue statement.  Plaintiff continues to contend that the statement is defamatory. |
| Statement:  "Where was your ass when Dovi was trying to get ahold of the medications from your dumbass. . . . WE COULDN'T GET AHOLD OF YOUR FUCKING ASS FOR THAT WHOLE TIME."<br><br>Response:  Plaintiff concurs that it is an at-issue statement.  Plaintiff continues to contend that the statement is defamatory. |
| Statement:  "[W]hen my parents were in town when we couldn't even get a hold of you. . . . YOU WERE UNREACHABLE YOU PIECE OF SHIT."<br><br>Response:  Plaintiff concurs that it is an at-issue statement.  Plaintiff continues to contend that the statement is defamatory. |
| Statement:  "The fact is you were out of town at least 2 weeks of the month."<br><br>Response:  Plaintiff concurs that it is an at-issue statement.  Plaintiff continues to contend that the statement is defamatory. |

| | |
|---|---|
| Statement: "I realized you were not there in Portland most of the time . . . ." Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. | |
| Statement: "Now you wrote the reason for ending treatment was I wasn't following the titration process, another fucking poor attempt of deflection and now I found out this week the real reason was because in February you didn't want to continue treatment. You dumb shit get your fucking story straight another poor attempt of deflection MALPRACTICE." Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. | |
| Statement: "You flat out lied about the titration." Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. | |
| Statement: "You flat out lied about the titration. And you had my family going that I was [sic] this and I was that. You spoke with such confidence. And you got caught." Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. | |
| Statement: "I'm in the hell of all hells and the only reason you terminated treatment was because my parents caught you on your bullshit." Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. | |
| Statement: "Your [sic] a fraud. A Coward. Scum of the fucking earth. I wouldn't piss on you if you were on fire." Response: Plaintiff does not contend that this statement in isolation is at-issue. | |
| Statement: "You got caugggt [sic] MALPRACTICE." Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. | |
| Statement: "You dumb shit get your fucking story straight another poor attempt of deflection MALPRACTICE." Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. | |

| |
|---|
| Statement: "WE all know with the greatest certainty you got red handed caught. Had I not written that email I would still be under your care."<br><br>Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "I still ask myself why when I wrote the letter did you end treatment?? Was it because it was disrespectful? Was it because you were spending to [sic] much time on my case shaming me. NO ITS YOU GOT CAUGHT.. . . . You got caught red handed."<br><br>Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "Your plan went wrong when my parents saw your bitch ass absent."<br><br>Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |
| Statement: "[H]ad my parents not seen your pure negligence you mother fucker I would probably be under the care of your incompetent ass."<br><br>Response: Plaintiff concurs that it is an at-issue statement. Plaintiff continues to contend that the statement is defamatory. |

Dated: New York, New York
       April 12, 2021

                                      Yours, etc.,

                                      JUDD BURSTEIN, P.C.

                                      By:    /s/ Peter B. Schalk, Esq.
                                            Peter B. Schalk, Esq. (PBS-8257)
                                            260 Madison Avenue, 15th Floor
                                            New York, New York 10016
                                            Tel.: (212) 974-2400
                                            Fax: (212) 974-2944
                                            Email: pschalk@burlaw.com
                                            *Attorneys for Plaintiff/Counterclaim-*
                                            *Defendant Dr. Paul M. Conti*